Rece. pt # 062683

ORIGINAL

ECF

FILED
APR 8 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---------------------------------------------------------------------X

DAFNA CONSTRUCTION CO., LTD.,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.

---------------------------------------------------------------------X

05- 456C

**COMPLAINT**

Plaintiff Dafna Construction Co., Ltd. ("Dafna"), as and for its complaint herein, alleges as follows:

**NATURE OF THE CASE**

1. This case involves claims of wrongful, arbitrary, abuse of discretion and bad faith conduct, breach of contract, breach of covenant of good faith and fair dealing, *quantum meruit* and unjust enrichment against the United States of America ("the United States" ), acting by and through the U.S. Postal Service ("USPS"), following the award of a contract to Dafna for the renovation of Building No. 197 at John F. Kennedy International Airport in Jamaica, New York as an International Service Annex ("the Project").

2. In this action Dafna seeks money damages, including performance costs, interest, costs and attorney's fees, as well as an extension of time to complete its work as a result of USPS' wrongful conduct detailed herein.

**PARTIES**

3. Dafna is a corporation organized and existing under the laws of the State of New York with its principal place of business at 126 Lombardy Street, Brooklyn, New York 11222.

Dafna is engaged in the business of general contracting, primarily public works and commercial construction.

4. USPS is an independent establishment and executive agency of the government of the United States. 39 U.S.C. §201; 41 U.S.C. §601(2).

5. The United States bears ultimate responsibility for the acts and omissions of its establishments and agencies, including liability for the procurement acts and omissions of USPS.

**JURISDICTION**

6. This Court has jurisdiction over this matter by virtue of the Tucker Act, 28 U.S.C. §1491, and the Contract Disputes Act of 1978, 41 U.S.C. §§601 et seq.

**BACKGROUND FACTS**

7. On or about June 13, 2000 USPS notified Dafna that it was the low bidder on the Project and it intended to award Contract No. 162640-00-B-0304 to Dafna in the amount of $5,888,527.00 ("the Contract").

8. On or about August 1, 2000 USPS formally notified Dafna that it intended to award the Contract to Dafna, furnished Dafna the formal contract documents in duplicate and requested Dafna to sign, seal and return both copies. A subcontracting plan was requested to be submitted by Dafna along with executed payment and performance bonds and evidence of the requisite insurance coverage. The Notice also provided as follows:

> "While this letter indicates acceptance of your offer, it does not constitute award or notice to proceed."

The Notice further provided that upon receipt and acceptance of the contract, subcontracting plan, bonds and insurance certificates, USPS would execute the formal contract document.

9. On or about August 23, 2000 Dafna signed, sealed and returned the contract

documents to USPS along with the requisite bonds and evidence of insurance coverage.

10. USPS delayed signing the Contract until on or about July 6, 2001, when it forwarded Dafna a Notification of Award.

11. A Pre-Construction Meeting was held on October 29, 2001, at which time USPS issued a Notice to Proceed to Dafna, directing it to begin work within 10 days.

12. Dafna commenced work on the Project shortly thereafter, and it performed all of the Contract and extra work until the Project was accepted by USPS as substantially complete on or about April 1, 2004.

13. On or about January 18, 2005 Dafna submitted a certified claim to the Contracting Officer for $700,687.00 plus a time extension of 550 calendar days due to excusable delays as set forth in its claim, a true and correct copy of which is annexed hereto as Exhibit A.

14. The Contract Disputes Act of 1978, 41 U.S.C. §605, provides that a Contracting Officer shall, within 60 days of receipt of a submitted certified claim over $100,000.00, issue a decision or notify the contractor of the time within which a decision will be issued. The decision shall be issued within a reasonable time, in accordance with regulations promulgated by the agency, taking into account such factors as the size and complexity of the claim and the adequacy of the information in support of the claim provided by the contractor. A failure by the Contracting Officer to issue a decision on a contract claim within the time required will be deemed to be a decision by the Contracting Officer denying the claim and will authorize the commencement of the appeal or suit on the claim, as otherwise provided in the CDA.

15. The failure of the Contracting Officer to issue a decision on Dafna's claim is a violation of the statutory provisions recited above. For these reasons, the failure to issue a decision is deemed to be a wrongful denial of the claim.

**COUNT ONE**

16. Plaintiff repeats, reiterates and realleges each and every allegation set forth forth above in paragraphs "1" to "15," as if same were set forth in full herein.

17. USPS wrongfully, arbitrarily, in abuse of discretion and in bad faith denied Dafna's claim.

18. Due to the improper, arbitrary, abuse of discretion and bad faith conduct of USPS, Dafna has suffered economic loss and damages in an amount to be proven at the time of trial but not less than $700,687.00, plus an additional 550 days of Contract time, costs and reasonable attorney's fees.

19. Pursuant to 41 U.S.C. §611, Dafna is also entitled to interest on the amount of damages from the date the Contracting Officer received Dafna's certified claim, namely, on or about January 20, 2005, at the rate established by the Secretary of the Treasury.

**COUNT TWO**

20. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" through "19," as if same were set forth in full herein.

21. USPS' denial of Dafna's claim was a breach of the Contract.

22. Dafna fully performed all of the terms and conditions of the Contract, and all conditions precedent to recover for breach thereof have been complied with by Dafna.

23. As a direct and proximate result of the foregoing breach of Contract by USPS, Dafna has suffered economic loss and damages in an amount to be proven at the time of trial but not less than $700,687.00, plus an additional 550 days of Contract time, costs, interest and reasonable attorney's fees.

**COUNT THREE**

24. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" through "23," as if same were set forth in full herein.

25. USPS was obligated by common law and implied contract to act in good faith and to deal with Dafna fairly.

26. USPS breached such obligations to Dafna by acting in an unlawful, improper, arbitrary and capricious and bad faith manner, by virtue of its denial of Dafna's claim.

27. As a direct and proximate result of the material breaches of obligations by USPS, Dafna has suffered economic loss and damages in an amount to be proven at the time of trial but not less than $700,687.00, plus an additional 550 days of Contract time, costs, interest and reasonable attorney's fees.

**COUNT FOUR**

28. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" through "27," as if same were set forth in full herein.

29. The fair and reasonable value of the Project work, labor and materials supplied by Dafna at the specific instances and requests of USPS for which Dafna has not received payment is to be proven at the time of trial but is not less than $700,687.00, which is due and owing to Dafna, plus an additional 550 days of Contract time, costs, interest and attorney's fees.

**COUNT FIVE**

30. Plaintiff repeats, reiterates and realleges each and every allegation set forth above in paragraphs "1" through "29," as if same were set forth in full herein.

31. As a result of the work, labor and materials supplied by Dafna to construct the Project, USPS has been unjustly enriched in an amount to be determined at the time of trial but

not less than $700,687.00, plus an additional 550 days of Contract time, costs, interest and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Dafna Construction Co., Ltd. prays that this Court enter judgment in its favor and award money damages against the United States of America on the first, second, third, fourth and fifth counts herein in an amount to be determined at the time of trial but not less than $700,687.00, plus an additional 550 days of Contract time, together with an award to plaintiff for interest and its costs, disbursements and reasonable attorney's fees, and for such other and further relief as this Court may deem just and proper.

Dated: April 7, 2005

GOETZ FITZPATRICK LLP

By:________________________
Carl A. Haberbusch (CH- 0774)

Attorneys for Plaintiff
One Penn Plaza, Suite 4401
New York, New York 10119
Telephone - (212) 695-8100
Facsimile - (212) 629-4013

W:\CHaberbusch\Dafna\USA\pleadings\Complaint.wpd