January 18, 2005

<u>VIA CERTIFIED MAIL - RRR</u>
Mr. George Schramm, Contracting Officer
U.S. Postal Service
NYFSO
2 Hudson Place
Hoboken, NJ 07030

**Re: Renovation of Building No. 197**
**JFK Airport, Jamaica, New York**
**<u>Project No. Q98536; Contract No. 162640-00-B-0304</u>**

Dear Mr. Schramm:

Pursuant to Section H.3 of the above-referenced Contract, I am submitting a certified claim on behalf of Dafna Construction Co., Ltd. ("Dafna") for $700,687.00 plus a time extension request for 550 calendar days due to excusable delay for the reasons set forth below. Dafna requests a final decision on Dafna's certified claim within 60 days of this request.

We previously advised you that we disagreed in substantial part with proposed M07 dated February 11, 2004, which proposed to increase the Contract value by only $6,991.85 and extend Dafna's time by only 136 calendar days for excusable delay. With respect to the dollar values in M07, we have no dispute with Item # # 90, 91 and 92, but we do disagree with the assigned calendar days. However, we previously advised you that the dollar value of Item #60 in the amount of ($110,000.00) is too high and reflects not just the cost to repair the underground electrical ductbank damaged by Dafna's subcontractor but an upgrade and redesign thereof. <u>See</u> my letter to you of February 26, 2004, a copy of which is attached. No response was ever received to this letter.

As for Item # # 81 and 86 regarding excusable delays, the calculations of Dafna's overhead and insurance burden are inaccurate for the reasons stated in another Dafna letter, dated February 26, 2004, a copy of which is also attached. More importantly, proposed M07 allowed for only 136 calendar days when the actual excusable delay was 550 days.

In addition, we subsequently advised you that Dafna was entitled to a total time extension of 550 days due to delays imposed by USPS and others and numerous items of extra work, which resulted in the project completion being delayed until August 27, 2004 according to the USPS Certificate of Substantial Completion. Our calculation of the amounts claimed by Dafna for such delays is set forth below.

Dafna, for purposes of settlement, will agree to the Architect, Lunz Prebar Fowler Architect's overhead rate of $836/day being utilized pursuant to Greg Selvedge's August 8, 2003 letter, a copy of which is also attached.

However, the Architect's calculation of Dafna's insurance burden is incorrect as stated in my second February 26, 2004 letter. The yearly insurance burden should be divided by 365 days and not 571 days to obtain the actual daily cost. For this reason, Dafna's insurance costs should be calculated at $473/day, not the $303/day erroneously used by the architect.

Accordingly, utilizing the architect's daily rate for overhead and mobilization and the correct daily rate for insurance results in the following costs incurred by Dafna from February 25, 2003 through August 8, 2003 for uncompensated delays:

| | |
|---|---|
| Overhead $836 x 165 days | = $137,940.00 |
| Insurance $473 x 58% x 165 days[1] | = $ 45,266.10 |

For the period from August 9, 2003 through August 27, 2004 the calculation is as follows:

| | |
|---|---|
| Overhead $836 x 385 days | = $321,860.00 |
| Insurance $473 x 58% x 210 days | = $105,620.90 |

Thus, the sum to which Dafna is entitled to for overhead and ~~mobilization and reimbursable~~ insurance costs for the compensable time extension is $610,687.00. Additionally, MO7 Item 60 should be reduced from $110,000.00 to $20,000.00. Therefore, the total amount of Dafna's claim is $700,687.00.

This letter is without prejudice to any and all rights of Dafna under the Contract or under law. If you have any questions or comments, please call me.

Very truly yours,

Eli Noy, President

cc: Donald J. Carbone, Esq.

W:\MELISSAD\CARBONE\0-CORRESPONDENCE\2005\January\schramm.let.wpd

---

[1] Also, for purposes of settlement, Dafna will agree to the utilization of the architect's 58% factor.

# CERTIFICATION OF CLAIM

I hereby certify that the claim of Dafna Construction Co., Ltd. ("Dafna") is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which Dafna believes the Postal Service is liable; and that I am duly authorized to certify the claim on behalf of Dafna.

DAFNA CONSTRUCTION CO., LTD.

By: ______________________
Eli Noy
President

W:\CHuberbusch\misc\Certificate of Claim.wpd

Dafna Construction Co. Ltd.
126 Lombardy Street, Brooklyn, NY 11222 P (718) 384-6421 F (718) 387-4610

February 26, 2004

Mr. George Schramm
United States Postal Service
NYFSO
2 Hudson Place
Hoboken, New Jersey 07030

Re: Renovation of Building # 197
JFK Airport, Jamaica, NY
Project # Q98536

Dear Mr. Schramm,

In regards to the Contract Modification # 07 Dafna received from your office we are unwilling to accept the charges imposed upon the Contract for the renovation and re-routing of electrical feeder # 212 from MH-EL-55 to MH-EL-56 as described the letter from T. Moriarty & Son, Inc. to the Port Authority Residents Engineers Office enclosed as supporting documentation for Modification # 07.

Also, be advised that the scope of work dictated by the Port Authority Residents Engineer Office is completely different than the scope that was required per correspondence received by our office. Therefore since the existing duct bank was not only repaired to its original condition but was modified to meet current standards of the 5KV underground service by separating the two feeders 20 feet apart per PA Standards and as noted on our contract drawings (per revision #7 Ryder "G" dated 6/14/02) and installing new manholes # MH-H7E5 & 6 as described in Work Order issued from the Port Authority. Dafna should not be responsible for payment. Dafna should only be responsible for what its subcontractor damaged; not a redesign and upgrade of a pre-existing system.

Therefore, per the information received, it is not acceptable for Dafna Construction to be charged for unnecessary work performed regarding the relocating of electrical service for the convenience of the Port Authority and the USPS. Dafna should not be required to finance the redesign and upgrade project especially since it followed the laws and regulations of the Port Authority and the State of New York by contacting proper agencies to conduct underground identification of services within the ground owned and maintained by companies performing markings or agents thereof prior to performing its contract work. So, the claim by the USPS should be dropped and Modification # 07 be revised and re-issued in a timely manner reflecting the correct monetary amounts to be received by Dafna.

Another issue regarding the value of the Modification in dispute is the fact that within the correspondence mentioned above, the total value of the work performed including the additional unnecessary scope was $110,000.00. The scope required to perform the repair is substantially smaller. Therefore, the cost applied to the modification is unjustified.

Sincerely,

Eli Roy
President, Dafna Construction

cc: Dana Weir- USPS, NYFSO
Henry Burmeister USPS, NYFSO
Donald Carbone Goetz Fitzpatrick

# Dafna Construction Co. Ltd.

126 Lombardy Street, Brooklyn, NY 11222 P (718) 384-6421 F (718) 387-4620

February 26, 2004

Mr. George Schramm
United States Postal Service
NYFSO
2 Hudson Place
Hoboken, New Jersey 07030

Re: Renovation of Building # 197
JFK Airport, Jamaica, NY
Project # Q98536
Contract Modification # 07

Dear Mr. Schramm,

In regards to Contract Modification # 07 and the issue of the change order for the compensation of the extension time due to excusable delays, the documentation received and referenced contains numerous errors in the calculations by the Architect in the evaluation of the amount of monies on a per diem basis. In the letter from Lunz Prebor Fowler dated August 8, 2003 the calculation performed using Dafna Construction entire insurance burden for the twelve (12) month period is correct, but the one (1) year cost is applied over a period of 571 days which unfairly decreases the per deim cost. The $172,761.00 cost should be divided into 365 days then applied to the overall time period of the project. Also, you must adjust for the following years total revenue ending with the accurate cost of the project over the specific time period and relative costs. I will forward you my suggested calculations within the next two (2) weeks.

Another issue is the amount of lost time being utilized in the calculations. As per our records Dafna is claiming that the delay is for 205 calendar days but the Architect is only referencing 136 calendar days. It seems that a more accurate review of the information is required prior to any recommendations or decisions on behalf of the USPS can be made in relation to the contract.

Sincerely,

Eli Noy
President, Dafna Construction

Cc: Dane Weir- USPS, NYFSO
Henry Burmeister USPS, NYFSO
Donald Carbone Gootz Fitzpatrick

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. George Schramm
United States Postal Service
N4550
2 Hoboken Place
Hoboken, N.J. 07030

A. Signature

X

B. Received by (Printed Name)

D. Is delivery address different from item 1?
If YES, enter delivery address below:

3. Service Type
- Certified Mail
- Express Mail
- Registered
- Return Receipt for Merchandise
- Insured Mail
- C.O.D.

4. Restricted Delivery? (Extra Fee) Yes

2. Article Number (Transfer from service label) 7000 1670 0006 4604 [illegible]

PS Form 3811, August 2001 Domestic Return Receipt

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | .37 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.42 |

Postmark Here

7000 1670 0006 4604 07..

Sent To: Mr. George Schramm United States Postal Service
Street, Apt. No.; or PO Box No.: 2 Hoboken Place
City, State, ZIP+4: Hoboken, N.J. 07030

LUNZ PREBOR FOWLER
ARCHITECTS

August 6, 2003

USPS-NYFSO
Long Island Field Office
PO Box 7100
Islandia, NY 11760-9991

Re: USPS Building 197 JFK

Dear George:

The following is our review of PCO # 81 & PCO # 86 for additional funds requested by Dafna for the 136 day delay caused by the Port Authority requirements for permanent power.
Overhead and Mobilization costs for original contract = $ 225,592/270 days = $ 836/day. Because overhead & mobilization are more costly in the first 50% of a project, I have adjusted the daily cost accordingly. We recommend allowing 65% of the original contract daily cost of $836. Therefore, overhead & mobilization costs for the additional 136 days would be $836 x 65% = $543 per day x 136 days = $73,848.00

Additionally, insurance costs, not included above, were incurred and calculated as follows:
Dafna's entire company insurance burden for 2002 thru July 2003 (571 days) was $172,781 or 172,781/571 = $303 per day.
Dafna's Gross income for 2002 to present was $12,033,801. JFK contract to date of $6,931,442 represents 58% of Dafna's gross income, therefore:

$303 per day x 58% = $176/day x 136 additional days = $23,936 in additional insurance costs.

| | |
|---|---|
| Additional OH & Mobilization costs = | $73,848.00 |
| Additional Insurance costs = | $23,936.00 |
| Total additional Gen. Cond. recommended by LPF = | $97,784.00 |

Backup data provided upon request.

Sincerely,

Greg Selvidge

File: 9803.06 F-6

58 Lake Morton Drive
Lakeland
Florida 33801-5344
tel 863.682.1882
fax 863.687.6346
www.lunz.com
AC000...

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. G. Schramm
USPS
NY FSO
2 Hudson Place
Hoboken, NJ 07030

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 1670 0008 8603 9360

PS Form 3811, February 2004 Domestic Return Receipt

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

CERTIFIED MAIL

7000 1670 0008 8603 9360

OFFICIAL USE

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

Postmark Here: 1/18/05

Sent To: Mr. G. Schramm, USPS NY FSO
Street, Apt. No.; or PO Box No.: 2 Hudson Place
City, State, ZIP+4: Hoboken, NJ 07030